**Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000324
26-JUN-2018
07:59 AM**

NOS. CAAP-16-0000324 AND CAAP-16-0000587

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

**CAAP-16-0000324**

SC, Plaintiff-Appellee,
v.
KP, Defendant-Appellant

APPEAL FROM THE FAMILY COURT OF THE THIRD CIRCUIT
(FC-D NO. 07-1-0223)

AND

**CAAP-16-0000587**

SC, Plaintiff-Appellee,
v.
KP, Defendant-Appellant

APPEAL FROM THE FAMILY COURT OF THE THIRD CIRCUIT
(FC-D NO. 07-1-0223)

SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Reifurth and Chan, JJ.)

On appeal are two consolidated cases, CAAP-16-0000324 and CAAP-16-0000587, arising from the same underlying matter concerning various post-judgment motions regarding the award of child custody and child support with respect to two minor children shared by Defendant-Appellant KP (Mother or Defendant) and Plantiff-Appellee SC (Father or Plaintiff) in the Family

Court of the Third Circuit (family court).[1]

In CAAP-16-0000324, Mother challenges a "Memorandum Decision" dated March 27, 2015,[2] issued to the parties by the family court, the "Order Granting Plaintiff's Motion for Reconsideration from Court's Memorandum Decision Dated March 27, 2015" filed on August 3, 2015, the "Order Denying Defendant's Motion to Reconsider filed on August 18, 2015" filed on September 3, 2015, and the "Order on Plaintiff's Motion for Reconsideration from Court's Memorandum Decision, Filed Herein on April 6, 2015" filed on March 10, 2016.

In CAAP-16-0000587, Mother appeals from the "Findings of Fact, Conclusions of Law, and Decision of the Court" filed on July 27, 2016 (FOFCOL and Decision).

On appeal, Mother contends that the family court erred by: 1) denying Mother's claim for reimbursement for health insurance premiums she had paid, 2) failing to award Mother reimbursement for child support arrearages due from January 2009 through October 2012, and 3) not awarding Mother full reimbursement for their minor children's expenses paid by Mother.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Mother's points on appeal as follows and affirm.

Mother and Father divorced on November 12, 2010. The

---

[1] The Honorable Lloyd Van De Car presided over both cases.

[2] It appears that the Memorandum Decision was not filed in the family court proceeding and is therefore not part of the record on appeal.

> [D]ocuments, such as clerk minutes and letters to and from the court, that are in, attached to, or appended to the lower court record but which have not been "filed" in the lower court record as evidenced by the court clerk's file stamp, are not a part of the record on appeal. [Hawai'i Rules of Appellate Procedure (HRAP)] Rule 10(a). In other words, for purposes of the appeal, these documents do not exist and may not be cited as if they exist. HRAP Rule 28(b).

Webb v. Harvey, 103 Hawai'i 63, 66, 79 P.3d 681, 684 (App. 2003). Thus, we do not consider the Memorandum Decision.

divorce decree awarded: 1) Mother and Father joint legal custody and shared physical custody of their two children, 2) Mother with monthly child support in the amount of $200.00, and 3) no spousal support. Subsequently, Mother and Father disputed various child visitation, child custody, and child support issues through a number of post-judgment motions. Following a series of orders entered by the family court addressing the various post-judgment motions, the family court appears to have issued a Memorandum Decision, dated March 27, 2015, from which Mother and Father submitted post-judgment motions for relief. Although the Memorandum Decision was not made part of the record, and is therefore not available for review on appeal, based on our review of the record, the disposition of the various post-judgment orders is finally resolved and reflected in the FOFCOL and Decision.

In the FOFCOL and Decision entered on July 27, 2016, the family court ordered the following:

> 1. Based on the guidelines applicable when the Motion was filed and heard, commencing March 1, 2014, Plaintiff's monthly child support obligation shall be $249, per child, per month, for a total of $498, per month.
>
> 2. The Court determines that except for anything Plaintiff may owe from March 1, 2014, on account of this decision, and Defendant's $624 overpayment, Plaintiff owes no child support arrearages. The issue of child support owing from September 28, 2007, to January 13, 2009 remains unresolved, and either party may set that matter for hearing.
>
> 3. To the extent that Defendant is seeking reimbursement for any medical insurance premiums she has paid on behalf of the children, that request is denied. Neither is Plaintiff entitled to reimbursement for the health insurance premiums he paid.
>
> 4. Plaintiff incurred post-divorce out of pocket medical expenses for the children totaling $1,033.87, and Defendant incurred a total of $222.71. Reconciling these amounts results in Defendant owing Plaintiff $405.58.
>
> 5. Regarding the childrens' [sic] expenses for school and extracurricular activities, Plaintiff spent $356.00, and Defendant spent $377.34. Plaintiff owes Defendant one-half the difference between these two amounts, or $10.67.
>
> 6. Plaintiff is entitled to reimbursement for one-half of the federal taxes he paid in the amount of $5,378.46, during the pendency of the divorce. As such, Defendant owes Plaintiff the sum of $2,689.23.

7. Defendant owes Plaintiff the sum of $2,292.22, for her proportionate share of the cost of the childrens' [sic] medical insurance, pursuant to the terms of the Divorce Decree, filed November 12, 2010.

8. Plaintiff owes Defendant the sum of $1,044.19, for his share of the childrens' [sic] cell phone bill.

9. Defendant owes Plaintiff the sum of $1,048.50, for her share of the timeshare maintenance fees for 2013, 2014, and 2015.

10. All other pending requests for relief not addressed here are denied.

Mother essentially argues that the family court erred by denying her requests for reimbursements for medical insurance premiums for their children, an award of all child support arrearages, and reimbursement for medical bills and other expenses for their children, that had been paid by Mother.

"Generally, the family court possesses wide discretion in making its decisions and those decisions will not be set aside unless there is a manifest abuse of discretion." Kakinami v. Kakinami, 127 Hawai'i 126, 136, 276 P.3d 695, 705 (2012). Further, "[s]ince no rules or guidelines have been published advising the family court how to decide [a certain child support issue], the relevant appellate standard of review is the abuse of discretion standard. Clark v. Clark, 110 Hawai'i 459, 465, 134 P.3d 625, 631 (App. 2006) (internal quotation marks, citation, and brackets omitted). "Thus, [an appellate court] will not disturb the family court's decision on appeal unless the family court disregarded the rules or principles of law or practice to the substantial detriment of a party litigant and its decision clearly exceeded the bounds of reason." Kakinami, 127 Hawai'i at 136, 276 P.3d at 705.

Here, the family court denied Mother's request for reimbursement of health insurance premiums that she had paid during a period when Father was responsible for providing medical insurance for their children and Mother had believed that her children were not covered under Father. In support of this decision, the family court found the following:

> [t]he Divorce Decree [filed November 12, 2010] requires [Mother] maintain and continue paying the premiums on the childrens' [sic] medical, vision, drug and dental insurance

4

> until [Father] has equivalent coverage available to him.
> [Mother's] Exhibit V establishes that [Father] provided
> health insurance coverage for the children effective
> December 1, 2010. It appears from the evidence that
> [Father] has continued to maintain that coverage since.
> There was no evidence presented to the Court to establish
> what coverage [Mother] was providing on the date of the
> Divorce Decree or whether equivalent coverage was available
> to [Father] prior to December 1, 2010.

We note that the family court included its findings in the conclusions of law section of the FOFCOL and Decision, however, we construe these as findings of fact rather than conclusions of law. Mother does not challenge these findings of fact on appeal, and we must therefore accept them for purposes of this appeal. See Bremer v. Weeks, 104 Hawai'i 43, 63, 85 P.3d 150, 170 (2004)("'[F]indings of fact . . . that are not challenged on appeal are binding on the appellate court.'"). Accordingly, we conclude that the family court did not abuse its discretion in rendering its decision regarding the denial of Mother's request for medical insurance premiums.

In regard to Mother's request for child support arrearages, the family court ruled as follows:

> The Court determines that except for anything [Father] may
> owe from March 1, 2014, on account of this decision, and
> [Mother's] $624 overpayment, [Father] owes no child support
> arrearages. The issue of child support owing from
> September 28, 2007, to January 13, 2009 remains unresolved,
> and either party may set that matter for hearing.

The family court indicated that it based its decision and calculation upon review of all the previous child support orders entered and the amounts paid and unpaid in connection with those orders from the date the divorce decree was entered. Further, at the hearing on December 9, 2014, Mother testified that according to the Child Support Enforcement Agency, no unpaid child support was outstanding from the date the divorce decree was entered and the arrearages that were being requested were claims for retroactive payment of child support prior to the divorce decree. Mother did not point to any finalized orders requiring child support payments which had been violated. Based on the foregoing, we conclude that the family court did not abuse its discretion when it ruled on Mother's request for child support arrearages, as set forth above.

5

Finally, Mother challenges the family court's calculation of reimbursements owed in regards to the children's expenses including medical, school, extracurricular, and the children's cell phone bill. In support of the family court's calculation of reimbursements owed to Mother and Father, pursuant to the terms set forth in the divorce decree, it considered the exhibits submitted by Mother and Father containing receipts, records, bills, and other supporting documentation, and the testimony provided at the evidentiary hearing. We conclude that the family court did not abuse its discretion in its determination for reimbursements. Additionally, Mother has failed to demonstrate that the family court disregarded the rules or principles of law or practice to the substantial detriment of a party litigant and that its decision clearly exceeded the bounds of reason.

Therefore, IT IS HEREBY ORDERED that the "Findings of Fact, Conclusions of Law, and Decision of the Court" filed on July 27, 2016, in the Family Court of the Third Circuit is affirmed.

DATED: Honolulu, Hawai'i, June 26, 2018.

On the briefs:

Douglas L. Halsted,
for Defendant-Appellant.

Brian J. De Lima,
and Justin P. Haspe,
(Crudele & De Lima),
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge

6